J-S19017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES BRADLEY | |
| Appellant | No. 1828 EDA 2014 |

Appeal from the PCRA Order May 16, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012564-2007

BEFORE:  STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 01, 2015**

James Bradley appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

A jury found Bradley guilty of possession with intent to deliver 6.9 grams of crack cocaine ("PWID").[1]  On April 30, 2009, the trial court sentenced Bradley to 5-10 years' imprisonment.[2]  Bradley filed timely post-sentence motions, which the trial court denied, followed by a timely direct appeal and timely opening and supplemental Pa.R.A.P. 1925(b) statements.

---

[1] 35 P.S. § 780-113(a)(30).

[2] On the same date, Bradley pled guilty to PWID charges at other caption numbers.  The PWID charges and sentences at the other captions numbers are not at issue in this appeal.

On direct appeal, Bradley argued, *inter alia*, that the trial court erroneously applied the Sentencing Guidelines Youth/School Enhancement, 204 Pa.Code 303.10(b), at sentencing, and erroneously considered impermissible factors at sentencing. On August 23, 2011, this Court affirmed Bradley's judgment of sentence. On July 27, 2011, the Pennsylvania Supreme Court denied Bradley's petition for allowance of appeal.

On March 7, 2012, Bradley filed a timely PCRA petition. The court appointed PCRA counsel, who filed a **Turner/Finley**[3] letter on February 25, 2014 and a motion to withdraw as counsel on February 26, 2014. On March 20, 2014, the PCRA court filed a notice of intent to dismiss Bradley's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On March 31, 2014, the PCRA court granted PCRA counsel leave to withdraw. On May 16, 2014, the PCRA court dismissed Bradley's petition.

Bradley filed a timely notice of appeal to this Court. On June 25, 2014, the PCRA court ordered Bradley to file a Pa.R.A.P. 1925(b) statement within 21 days. On August 4, 2014, Bradley filed an untimely Pa.R.A.P. 1925(b) statement *pro se*.

Bradley raises the following issues in his appellate brief, which we paraphrase and re-order for the sake of clarity: (1) ineffective assistance of counsel for failure to prepare Bradley or other witnesses for trial; (2)

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988).

ineffective assistance of counsel for failure to explain that Bradley could receive a lengthier sentence if he elected to have a jury trial; (3) ineffective assistance for failing to challenge the court's improper calculation of Bradley's prior record score; (4) ineffective assistance of counsel for failure to object to improper calculation of Bradley's prior record score at sentencing; (5) ineffective assistance of PCRA counsel for failure to allege ineffective assistance of trial counsel; and (6) an error of law by the trial court by imposing a mandatory minimum sentence based on facts that were not proved to the jury beyond a reasonable doubt.

Our standard and scope of review are well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

> * * *

> The **Turner/Finley** decisions provide the manner for postconviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-

merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner, supra*, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit....

[T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal.... [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney....

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183–84 (Pa.Super.2012) (some citations and footnote omitted).

Our review of the record confirms that counsel substantially complied with the *Turner/Finley* procedural requirements to withdraw. Specifically, counsel filed a detailed 11-page letter explaining why she believed Bradley's claims lacked merit. She sent this letter to Bradley and sent him her petition to withdraw the following day. She informed Bradley of his right to retain private counsel or proceed *pro se*. Bradley did not file a response. Accordingly, we will proceed with our independent review of the questions presented to determine if counsel correctly concluded that the issues raised had no merit.

Bradley's first two claims both allege ineffective assistance of counsel prior to and/or during trial – specifically, ineffectiveness for failure to prepare Bradley or other witnesses for trial and ineffectiveness for failure to explain that Bradley could receive a lengthier sentence if he elected to have a jury trial. To obtain relief on a claim of ineffective assistance of counsel, the PCRA petitioner must satisfy the performance and prejudice test set forth in **Strickland v. Washington**, 466 U.S. 668, 687 (1984). Specifically, the petitioner must establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa.1987). Counsel is presumed effective. **Charleston**, 94 A.3d at 1019. A court need not analyze the elements of an ineffectiveness claim in any particular order of priority; if a claim fails any necessary element of the **Strickland** test, the court may proceed to that element first. **Commonwealth v. Albrecht**, 720 A.2d 693, 701 (Pa.1998). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. **Commonwealth v. Jones**, 912 A.2d 268, 278 (Pa.2006).

Bradley has waived his first two arguments by failing to file a timely Pa.R.A.P. 1925(b) statement. An appellant must file his statement of matters complained of on appeal within the time specified in an order to

submit a Pa.R.A.P. 1925(b) statement.[4]  The court's order docketed June 25, 2014 specifically directed Bradley to file his Pa.R.A.P. 1925(b) statement within 21 days, or by July 16, 2014.  The docket further states that the Clerk of Court served this order on Bradley via first class mail on June 25, 2014. Bradley filed his Pa.R.A.P. 1925(b) statement on August 4, 2014, 19 days late.

In general, issues raised in an untimely Pa.R.A.P. 1925(b) statement are waived.  **Commonwealth v. Castillo**, 888 A.2d 775, 776 (Pa.2005). But when a criminal defendant is represented by counsel, counsel's failure to file a timely Pa.R.A.P. 1925(b) statement constitutes ineffective assistance *per se*.  **Commonwealth v. Thompson**, 39 A.3d 335, 340, n.11 (Pa.Super.2012).  The remedy for such ineffectiveness is remand to the trial court, either for the filing of a Rule 1925(b) statement *nunc pro tunc* or the filing of a Rule 1925(a) opinion addressing the issues raised in an untimely 1925(b) statement.  Pa.R.A.P. 1925(c)(3); **Thompson**, **supra**.

Pa.R.A.P. 1925 makes no such allowance when (as here) the defendant represents himself on appeal *pro se*.  In general, a *pro se* defendant's failure to file a timely Pa.R.A.P. 1925(b) statement in a PCRA

---

[4] The court cannot specify a time period shorter than 21 days.  Pa.R.A.P. 1925(b).

appeal constitutes waiver of all issues.[5] ***Commonwealth v. Butler***, 812 A.2d 631, 634 (Pa.2002) (PCRA defendant's failure to comply with order to file Pa.R.A.P. 1925(b) statement resulted in automatic waiver of any issues he may have raised on appeal, even though Commonwealth never briefed or argued waiver). By filing an untimely Pa.R.A.P. 1925(b) statement *pro se*, Bradley has waived the first two issues in his brief.[6]

We consider Bradley's third and fourth arguments together, because they involve the same issue. Bradley asserts that trial counsel was ineffective for failing to argue that the court computed Bradley's prior record score improperly. Trial counsel failed to preserve this discretionary issue for direct appeal; nevertheless, under the ***Strickland*** standards articulated above, this issue lacks arguable merit.

A claim that the sentencing court misapplied the Sentencing Guidelines "constitutes a challenge to the discretionary aspects of sentence [which]

---

[5] Issues relating to the legality of the defendant's sentence constitute one exception to the waiver rule. ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n. 7 (Pa.Super.2014) (citation omitted) (Superior Court "is endowed with the ability to consider an issue of illegality of sentence sua sponte"). Notwithstanding this exception to the waiver rule, legality of sentence issues must be timely raised within the PCRA's statute of limitations in order for this Court to have jurisdiction to decide them. ***Commonwealth v. Miller***, 102 A.3d 988, 994-96 (Pa.Super.2014).

[6] In addition, Bradley waived his second issue – trial counsel was ineffective for failing to advise Bradley that he could receive a higher sentence by proceeding to a jury trial – because he failed to raise it in his PCRA petition. ***Commonwealth v. Elliott***, 80 A.3d 415, 430 (Pa.2013).

presents a substantial question." ***Commonwealth v. Archer***, 722 A.2d 203, 211 (Pa.Super.1998) (*en banc*). Before this Court can reach the merits of a challenge to the discretionary aspects of a sentence,

> we must engage in a four-part analysis to determine: (1) whether the appeal is timely; (2) whether the appellant preserved his issue; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [see Pa.R.A.P. 2119]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa.Super.2014).

The calculation of Bradley's prior record score presents a substantial question, ***Archer***, ***supra***, thus satisfying prong 4 of ***Antidormi***. Nevertheless, trial counsel failed two of ***Antidormi's*** other prongs: he failed to challenge the calculation of Bradley's prior record score during Bradley's sentencing hearing or in his post-sentence motions (prong 2), and he omitted any challenge to Bradley's prior record score from his opening or supplemental Pa.R.A.P. 1925(b) statement of matters complained of on direct appeal (prong 3). Thus, trial counsel failed to preserve this issue for direct appeal.

To obtain PCRA relief, however, Bradley must also demonstrate that trial counsel's failure to preserve the prior record score issue constitutes ineffective assistance under ***Strickland***. We conclude that Bradley fails to

establish **Strickland's** arguable merit component, because the trial court properly calculated his prior record score. As the PCRA court cogently explained:

> [Bradley's] prior record score was correctly calculated. [His] prior record score is a 6, and he is classified as a 'Repeat Felony 1 and Felony 2 Offender Category Offender ('RFEL'). [His] score is the product of his three felony-2 ('F-2') convictions, [which] are: (1) CP-51-CR-030711-1996, [Bradley's guilty plea] to criminal trespass of building/occupied structure (F-2)[7]; CP-51-CR-0601342-1996, [Bradley's conviction for] robbery[8]; (3) CP-51-CR-0601342-1996, [Bradley's conviction for] criminal conspiracy [to commit robbery] … [T]hese three F-2 convictions cause [his] prior record score to be a 6 and he is therefore classified as an RFEL offender.

Pa.R.A.P. 1925(a) Opinion, p. 10.[9]   Thus, Bradley's third and fourth arguments fail.

In his fifth argument, Bradley contends that PCRA counsel was ineffective for failing to challenge trial counsel's ineffectiveness. This argument is not ripe for review, because claims of PCRA counsel's ineffectiveness cannot be raised for the first time in an appeal from the

---

[7] 18 Pa.C.S. § 3503.

[8] 18 Pa.C.S. § 3701.

[9] We observe for the sake of completeness that after correctly computing Bradley's prior record score, the court correctly computed the correct offense gravity score and used the correct sentencing matrix (Youth and School Enhancement Matrix).[9]   The standard range sentence under this matrix is 53-81 months. 204 Pa. Code § 303.18(c). The court sentenced Bradley to 60-120 months, well within the standard range.

denial of a PCRA petition.  ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa.Super.2014).

Finally, Bradley argues that his sentence is unconstitutional under ***Alleyne v. United States***, -- U.S. --, 133 S.Ct. 2151 (2013).  ***Alleyne*** held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt.  ***Id***., 131 S.Ct. at 2160-61.  Presumably, Bradley argues his sentence is unconstitutional because the trial court applied the youth/school enhancement factors to his sentence without a jury and under a preponderance of the evidence standard.

Bradley failed to raise ***Alleyne*** in his PCRA petition and has raised it for the first time in his present appeal, more than one year after his judgment of sentence became final.  This issue is not waived, because challenges to the legality of a sentence cannot be waived.  ***Miller***, 102 A.3d at 996 (***Alleyne*** challenge to legality of sentence is "not technically waivable").  On the other hand, this issue is untimely, because Bradley raised it for the first time more than one year after his judgment of sentence became final.  As a result, we lack jurisdiction to review it under the PCRA's statute of limitations, 42 Pa.C.S. § 9545(b).

Section 9545 provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment

becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In our view, these jurisdictional precepts apply when, as here, (1) the petitioner timely files a PCRA petition, (2) neglects to raise a particular issue (e.g., *Alleyne*) in the PCRA court, but then (3) raises that issue for the first time on appeal, more than one year after his judgment of sentence becomes final. To entertain an issue on appeal under these circumstances would circumvent the strict jurisdictional time limitations embodied in section 9545. *See Commonwealth v. Edmiston*, 851 A.2d 883, 889 (Pa.2004) (citing Pa.R.A.P. 302(a) and *Commonwealth v. Bond*, 819 A.2d 33, 52 (2002)) ("[p]ermitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA")[10].

With these principles in mind, we observe that Bradley's judgment of sentence became final on October 25, 2011, the last day for filing a petition for writ of certiorari in the United States Supreme Court. Thus, Bradley had until October 25, 2012 to raise an *Alleyne*-type claim in a PCRA petition. Bradley did not raise *Alleyne* until August 4, 2014, when he cited *Alleyne*

_____

[10] In addition, "the proper vehicle for raising new claims is not on PCRA appeal, but rather in a subsequent PCRA petition." *Edmiston*, 851 A.2d at 889.

in his Pa.R.A.P. 1925(b) statement. Thus, his attempt to raise **Alleyne** is untimely on its face.

Nor do any of the exceptions in section 9545(b)(i-iii) apply to this case. Bradley suggests in his brief that **Alleyne** applies retroactively under section 9545(b)(iii), because challenges to the illegality of his sentence are never waived. We disagree, based on our analysis of the same issue in **Miller**. **Miller** held that the PCRA court lacked jurisdiction to consider an **Alleyne** argument presented in a second PCRA petition filed five years after the petitioner's judgment of sentence became final, reasoning:

> Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right 'has been held' by 'that court' to apply retroactively. Thus, a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively. The language 'has been held' is in the past tense. These words mean that the action has already occurred, *i.e.,* 'that court' has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> …
>
> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final.

- 13 -

This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. ***Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa.Super.2011), ***appeal denied***, 615 Pa. 784, 42 A.3d 1059 (2012), *citing* ***Tyler v. Cain***, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); ***see also, e.g., Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa.Super.2007) (stating, 'for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]'), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

…

*We are aware that an issue pertaining to* ***Alleyne*** *goes to the legality of the sentence*. ***See*** ***Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa.Super.2014) (*en banc*) (stating, 'a challenge to a sentence premised upon* ***Alleyne*** *likewise implicates the legality of the sentence and cannot be waived on appeal[ ]'). *It is generally true that 'this Court is endowed with the ability to consider an issue of illegality of sentence sua sponte.'* ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n. 7 (Pa.Super.2014) (citation omitted). *However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review.* ***See Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa.Super.2011) (stating, '[a] challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction[ ]') (citation omitted). *As this Court recently noted, '[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an*

- 14 -

> *untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.'* [**Commonwealth v.**] **Seskey**, [86 A.3d 237,] 242 [(Pa.Super.2014)]. *As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's second PCRA petition, as it was untimely filed and no exception was proven…*

*Id*. at 994, 995, 996 (emphasis added; certain citations omitted). **Miller** squarely applies to this case. Like the petitioner in **Miller**, Bradley raised **Alleyne** more than one year after his judgment of sentence became final. Moreover, even if **Alleyne** announced a new constitutional right, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that this right applies retroactively. Thus, although **Alleyne** implicates the legality of Bradley's sentence, we lack jurisdiction to address this issue. **Miller**, 102 A.3d at 995, 996.

Bradley's **Alleyne** argument suffers from an additional jurisdictional defect not present in **Miller**. Whereas the petitioner in **Miller** raised **Alleyne** in a PCRA petition within sixty days after **Alleyne's** issuance, Bradley did not raise **Alleyne** until over one year after its issuance. Consequently, Bradley's **Alleyne** claim is untimely under the sixty-day deadline in section 9545(b)(2) for filing exceptions to the PCRA's one-year time bar.

Order affirmed.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/1/2015</u>